UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUISA OYARZUN,<br>*Plaintiff*,<br><br>v.<br><br>PRESIDENT/CEO OF EXCHANGE PLACE PRESERVATION PARTNERS, LLC *et al.*,<br>*Defendants*. | No. 3:21-cv-1230 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff Luisa Oyarzun has filed a *pro se* complaint claiming that her landlord has violated her rights. But because the complaint does not appear to allege facts that give rise to plausible grounds for a federal court to grant relief, the Court issues this order to show cause to require Oyarzun either to file an amended complaint that overcomes the concerns stated in this ruling or to file a response explaining why the complaint should not be dismissed.

### BACKGROUND

Oyarzun alleges that her landlord wants to "give her apartment to one of the staff members' friend[s] from a different national origin, religion, association, and disability."[1] Instead of following the proper eviction procedure, she alleges, the landlord has tried to get rid of her by breaking into her apartment, invading her privacy, forcing her to take down her religious signs, denying her (despite her disabilities) use of the elevator or a full-sized toilet, and refusing to lower her rent to account for her medical costs.[2] She adds that her landlord "put[] infectious disease[s]" in her water, exposed her to sexually transmitted diseases, committed "psychological and emotional abuse," "tamper[ed] with [her] pipes to … make a horrible noise[] … to provoke a

---

[1] Doc. #1 at 3.
[2] *Ibid*.

1

brain hemorrhage," and tried to kill her.[3] Finally, she claims, her landlord is trying to evict her on a false pretense: it says that she has "not … sign[ed] the Low Income Housing Tax Credit," even though it may not evict her for that reason.[4]

Oyarzun has named as defendants the landlord company, related corporate entities, and various agents or employees of the landlord company. She seeks relief under the First, Fifth, and Fourteenth Amendments to the Constitution, the Americans with Disabilities Act, the Racketeering Influenced and Corrupt Organizations Act (RICO), the Hate Crime Acts (18 U.S.C. § 249), the CDC's 2020 Eviction Moratorium, and various state laws.[5]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is proceeding *pro se*, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013).[6] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling

---

[3] *Id.* at 3–4.
[4] *Id.* at 3.
[5] *Id.* at 4.
[6] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

is to state the Court's concerns so that Oyarzun may promptly respond or file an amended complaint that addresses these concerns.

The complaint does not appear to state a plausible claim for relief under the U.S. Constitution, because it appears that the defendants are not governmental actors but instead private parties. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (internal quotations omitted). Although Oyarzun alleges that the defendants rent real estate in accordance with the federal Section 8 program and a federal Low Income Housing Tax Credit program, the fact that a private party receives government benefits or contracts does not mean that a private party is a governmental actor who may be held liable under the Constitution. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 839-42 (1982); *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 266 (2d Cir. 2014).

Oyarzun does not appear to state a plausible claim for relief under the Americans with Disabilities Act (ADA). First, although Oyarzun alleges that she is disabled, she does not allege facts to suggest that any adverse treatment by the defendant was by reason of or because of her disability. *See Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). Second, Oyarzun does not allege facts to show that her apartment is a "place of public accommodation" within the meaning of the ADA. *See* 42 U.S.C. § 12182(a) & § 12181(7) (defining "public accommodation"). In general, "residential facilities or apartment buildings are not public accommodations under the ADA." *Wiltz v. New York Univ.*, 2020 WL 614658, at *3 (S.D.N.Y. 2020).

Oyarzun does not appear to allege a plausible RICO claim. In order to prove her RICO claim, Oyarzun must allege facts to show a "pattern of racketeering activity." 18 U.S.C. § 1962; *One World, LLC v. Onoufriadis*, 2021 WL 4452070, at *1 (2d Cir. 2021). This means she must allege two or more federal crimes from the list of crimes set forth in 18 U.S.C. § 1961. But the complaint does not allege non-conclusory facts to suggest that the defendants engaged in two or more of these listed federal crimes.

Oyarzun does not appear to allege a plausible claim for relief under 18 U.S.C. § 249. This statute is a "hate crime" law; it allows for criminal prosecution of certain hate crime acts but does not include any language allowing for a private party to seek money damages against any person who violates this law. In the absence of such language, it is well established that criminal statutes do not give rise to a private right of action for civil damages. *See Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021).

Oyarzun does not appear to allege a plausible claim for relief under the CDC's federal eviction moratorium. *See* 85 F.R. 55292-01, 55293, 2020 WL 5253768 (2020). As other courts have ruled, "there is no indication in the text of the CDC's Order that it creates a private right of action," and "a regulation or other agency action cannot conjure up a private cause of action that has not been authorized by Congress." *Holliday v. CPAI Prop. Holding LLC*, 2021 WL 5826149, at *3 (E.D. La. 2021) (internal quotation marks omitted); *see also Wilkerson v. Hoff,* 2021 WL 3186125, at *3 (W.D. Tex. 2021) (same).

Oyarzun additionally alleges various state law claims. But because she does not allege facts to suggest that she is a citizen of a different State than the defendants, there does not appear to be an independent basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332 over her state law claims. Moreover, if there are no plausible federal law claims, then the Court

would likely decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims. Instead, Oyarzun may seek relief for any state law claims by filing an action in Connecticut state court rather than a federal court.

Lastly, the documents attached by Oyarzun to her complaint do not show any violation of law.[7] These documents show that Oyarzun's landlord made a request as allowed under the lease agreement for income information and that Oyarzun has declined to comply with this request.

More generally, the complaint lumps together a large number of defendants but does not specify what acts each particular defendant did to violate Oyarzun's rights. Rule 8 of the Federal Rules of Civil Procedure requires that each defendant be given "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). A complaint does not satisfy Rule 8 "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Ibid.*; *see also Embree v. Wyndham Worldwide Corp.*, 779 Fed. App'x 658, 661 (11th Cir. 2019) (affirming dismissal of "shotgun pleading" complaint that "pervasively lumped separate companies together in a conclusory fashion, treated separate companies as a single entity without explanation, and failed to differentiate the allegations against each defendant so that each could identify its allegedly improper conduct").

## CONCLUSION

It appears that the complaint does not allege facts to establish plausible ground for relief and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court intends to dismiss this action unless Oyarzun either files an amended complaint that overcomes the concerns stated in this ruling or files a response explaining why the initial complaint should not

---

[7] Doc. #1 at 8-17.

be dismissed. Any amended complaint or other response to this order to show cause must be filed not later than **January 24, 2022.**

    It is so ordered.

    Dated at New Haven this 31st day of December 2021.

                                              /s/ *Jeffrey Alker Meyer*
                                              Jeffrey Alker Meyer
                                              United States District Judge